IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID C. MILAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11cv545-WC |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Plaintiff, David C. Milam, applied for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*,. His application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. §

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #12); Def.'s Consent to Jurisdiction (Doc. #11). Based on the court's review of the record and the briefs of the parties, the court REVERSES the decision of the Commissioner.

## II.  STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

### III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-five years old on the date of the ALJ's decision and had earned a GED. Tr. 26. Plaintiff's past relevant work experience was as a steel inspector. Tr. 18. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 14. At Step 2, the ALJ found that Plaintiff suffers from the severe impairment of degenerative disc disease of the lumbar spine. *Id*. The ALJ then found that "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments . . . ." (Step 3) *Id*. Next, the ALJ found that Plaintiff retained the RFC to perform:

> nearly the full range of medium work as defined in 20 CFR §404.1567(c). The Claimant can lift fifty pounds occasionally and twenty-five pounds frequently. The Claimant can stand/walk for six hours per day. The Claimant can sit with normal breaks for about 6 hours per day, and he can frequently stoop, balance, and climb ramps, stairs, ladders, ropes, and scaffolds. The Claimant can occasionally kneel, crouch, and crawl. The Claimant can occasionally operate foot controls with both feet. The Claimant has mild to moderate pain, which occasionally interferes with the Claimant's concentration, persistence, and pace.

Tr. 14-15. After consulting with a VE, the ALJ found that Plaintiff was able to perform his past relevant work. (Step 4) Tr. 18. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from [the alleged onset date], through the date of this decision." *Id*.

## IV. PLAINTIFF'S CLAIMS

Plaintiff presents three claims for this court's consideration: (1) "The Commissioner's decision should be reversed, because the ALJ erred in rejecting the pain testimony provided by Mr. Milam"; (2) "The Commissioner's decision should be reversed, because the ALJ erred in rejecting the medical opinions provided by Mr. Milam's treating providers"; and (3) "The Commissioner's decision should be reversed, because the ALJ arbitrarily pick[ed] and chose facts from the evidence to support his administrative findings." Pl.'s Brief (Doc. #13) at 3. Because the court finds that remand is necessary on the second issue and that clarification is required as to the ALJ's rejection of Plaintiff's treating source before the court can evaluate the ALJ's decision, the court will decline to address the other two issues presented.

## V. DISCUSSION

Plaintiff argues "the Commissioner's decision should be reversed, because the ALJ erred in rejecting the medical opinions provided by Mr. Milam's treating providers." Pl.'s Brief (Doc. #13) at 8. Specifically, Plaintiff argues that the ALJ's rejection of the medical opinions of Dr. Hepperle and Nurse Practitioner Jones was in error. *Id*. at 8-10. Dr. Hepperle and Nurse Jones prepared an assessment in which they opined on Plaintiff's physical capabilities and limitations. It appears that the ALJ mistakenly believed that the evaluation was done by Nurse Jones alone. Indeed, the opinion attributes the assesment to Nurse Jones and makes no mention of Dr. Hepperle. The ALJ only afforded the opinion

partial weight, incorporating the opinions regarding foot controls limitations, but rejecting other portions. Tr. 18. This is a problem because the ALJ must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *see Phillips*, 357 F.3d at 1240. "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips,* 357 F.3d at 1240-41. Further, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

  The Commissioner concedes the error, but argues that the ALJ's decision need not be reversed because the ALJ's evaluation of the opinions is supported by substantial evidence. First, the Commissioner asserts that Dr. Hepperle and Nurse Jones had a short treating relationship with Plaintiff, which was "hardly enough time to have obtained a longitudinal picture of his impairment." Def.'s Brief (Doc. #14) at 11. While, the length of the relationship between Plaintiff and Dr. Hepperle and Nurse Jones may have been brief, that was not one of the reasons put forth by the ALJ for rejecting the assessment, nor would it satisfy the good faith standard.

7

Second, the Commissioner argues that "[t]he opinions of Mr. Jones (and Dr. Hepperle) were inconsistent with Plaintiff's sparse medical treatment history during the relevant period, as well as the essentially normal examination findings of Dr. Hirenkumar in September 2009." Def.'s Brief (Doc. #14) at 11. Essentially, Defendant is attempting to provide the court with a good cause basis for why the ALJ could have rejected the opinions. Defendant's arguments are problematic. As stated above, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis,* 125 F.3d at 1440. The ALJ believed he was rejecting the opinion of Plaintiff's nurse, not his physician. The court is unable to simply apply the ALJ's stated reason for rejecting the opinion of Nurse Jones to Dr. Hepperle where the ALJ's express reason for not adopting the assessment in its entirety was because it was not prepared by a physician. Tr. 18. Thus, the ALJ's rationale could not be applied to Dr. Hepperle and the ALJ has not provided good cause to reject Dr. Hepperle's opinion. Moreover, the Commissioner's attempt to provide the court with good cause in arguing that the opinions were inconsistent with sparse treatment and Dr. Hirenkumar's examination findings[5] would have the court weighing the medical evidence of record and making determinations that are within the purview of the ALJ.

Rather, this case will be remanded so that the ALJ can reevaluate the opinion with the understanding that it is that of a physician. If the ALJ still determines to reject the opinion,

---

[5] The ALJ expressly rejected portions of Dr. Hirenkumar's opinion. Tr. 16.

8

he may do so after clearly articulating good cause.

## VI.   CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is REVERSED and this case is REMANDED to the Commissioner for proceedings consistent with this decision. A separate judgment will issue.

DONE this 10th day of July, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE